UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| EARL D. DOWTY, | ) | CIV. 04-5028-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION FOR SUMMARY |
| SHERIFF JEFF TARRELL, FALL | ) | JUDGMENT AND DENYING |
| RIVER COUNTY, and FALL | ) | PLAINTIFF'S MOTION FOR |
| RIVER COUNTY | ) | SUMMARY JUDGMENT |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Earl D. Dowty, sued defendants, Jeff Tarrell, Fall River County, and Fall River County Commissioners, alleging negligence and violation of his Eighth Amendment rights. Dowty moves for summary judgment. Defendants oppose the motion and move for summary judgment. Defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

**BACKGROUND**

On February 16, 2004, while Dowty was incarcerated at the Fall River County Jail, in Hot Springs, South Dakota, he allegedly slipped while taking a shower and injured his back. Dowty alleges that he requested emergency care at 2:30 p.m., on February 16, 2004, and that it was denied. He alleges that the jailer, Janet Mallard, told him to make a formal request for emergency care. Mallard allegedly left work at 3 p.m. without checking on Dowty. Instead, one

of the other jailers made an appointment for Dowty with Dr. Todd McCluskey for February 20, 2004, the earliest time available.  Dowty contends that he was in pain for four days and that the delay in treatment permanently damaged his back.  Dowty alleges that before the fall, he had no back pain, but that he now has severe pain in his lower back and legs every day.  On a scale of one to ten, with ten being the worst pain, Dowty alleges that his constant back pain is an eight.  Dowty testified that after his first request was denied, he did not ask for emergency treatment.

Dr. McCluskey had previously treated Dowty for lower back pain, beginning in December 2003, and continuing to September 2004.  On February 22, 2004, Dr. McCluskey took x-rays of Dowty's back.  Dr. Jon Stenberg compared the x-rays to images taken at a September 9, 2002, exam of Dowty's back. Dr. Stenberg observed "grade 1 spondylolisthesis[1] of the L5 and S1, unchanged from the previous study" and "minor hypotrophic[2] changes noted at the vertebral margins."  Dr. Stenberg observed no signs of trauma, and his impression was that Dowty's lumbar spine films were "little changed from the comparison exam of 09/08/02."  When Dr. Stenberg focused on the

---

[1] Spondylolisthesis is "forward displacement of a lumbar vertebra . . . producing pain by compression of nerve roots."  Merriam-Webster Medical Dictionary, available at www.intelihealth.com (2002).

[2] Hypertrophy is "increase in bulk (as by thickening of muscle fibers) without multiplication of parts."  Merriam-Webster Medical Dictionary, available at www.intelihealth.com (2002).

2

current x-ray images without comparing them to older x-rays, he observed "[v]ertebral height and alignment are maintained without identification of fracture.  There is minor degenerative change present."

In his affidavit, Dr. McCluskey opined that Dowty's back condition was not caused by a fall on February 16, 2004.  Dowty had the same back problems before the fall, there was no evidence of bony trauma on the x-rays, and the nature of the condition revealed in Dowty's x-ray, MRI and CT scan was a condition extremely unlikely to be caused by an accident, such as a fall. Dr. McCluskey stated that a delay of four days between the alleged fall and the February 20, 2004, visit to his office did not make any difference in Dowty's medical condition.  Dr. Nate Ritterbush, who was Dowty's chiropractor from March 2004 to August 2004, opined that Dowty received all the medical care he needed while he was incarcerated at Fall River County Jail.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.  The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980).  The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists.  Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

## DISCUSSION

**1.   Dowty's Eighth Amendment Claim**

Dowty alleges that defendants' failure to transport him to the emergency room immediately after the alleged fall violated the Eighth Amendment to the United States Constitution.  The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  To prevail on an Eighth

4

Amendment claim based on deprivation of medical care, an inmate must show that prison officials were "deliberately indifferent to the inmate's serious medical needs." Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). Dowty must show that he had an objectively serious medical condition and that defendants knew of and disregarded that need. See id. (citing Miller v. Schoenen, 75 F.3d 1305, 1309 (8th Cir. 1996).

    A serious medical condition is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Id. (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). When an inmate alleges that a delay in medical treatment violated his or her constitutional rights, the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment." Id. (internal citations omitted).

    Dowty alleges that Mallard and the Fall River County Jail knew that he was seriously injured and deliberately withheld treatment for four days. He suggests that Mallard refused his request for immediate treatment because she was lazy and prejudiced against Native Americans. Dowty has failed, however, to offer any evidence that he suffered from an objectively serious medical condition.

There is no evidence in the record that Dowty was so seriously injured that a layperson would have recognized the obvious need to see a doctor. See Coleman, 114 F.3d at 784. There is no evidence that Dowty suffered bruises or cuts during the alleged fall, or any other symptom of trauma that would make it obvious he needed medical attention. Dowty did not request painkillers at any time during the four days he waited to see the doctor, which suggests that he was not in severe pain or in immediate need of medical attention. Furthermore, Dowty's medical records show no significant change in the condition of his back after the alleged fall.

Dowty has also failed to show that the delay in treatment had any effect on his health. "An inmate's failure to place medical evidence in the record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs." Id. Thus, Dowty's motion for summary judgment is denied on his Eighth Amendment claim. Both of Dowty's treating physicians testified that the delay caused him no harm. The medical evidence demonstrates that Dowty's back was virtually unchanged after the alleged fall. Because Dowty has cited no evidence that the delay harmed him, and defendants have evidence that it did not harm him, a reasonable jury could not find for Dowty. Accordingly, the court grants defendants' motion for summary judgment on this issue. See Anderson, 477 U.S. at 248.

**2.    Negligence**

Dowty alleges that defendants negligently allowed the shower to be slippery, and they were negligent in failing to immediately transport him to the emergency room after he allegedly fell.  Defendants contend that South Dakota's sovereign immunity laws shield them from liability.  The South Dakota Supreme Court held that the legislature "has the power to define the circumstances under which a remedy is legally cognizable and those under which it is not."  Hancock v. Western South Dakota Juvenile Services Ctr., 647 N.W.2d 722, 725 (S.D. 2002).  Sovereign immunity is especially important to the "state's evident public policy of allowing those in charge of jails to make discretionary decisions about prison administration without fear of tort liability."  Id. (internal quotations omitted).  Because Dowty has alleged no facts that would preclude application of the sovereign immunity doctrine, the court grants defendants' motion for summary judgment on the negligence claims.

Accordingly, it is hereby

ORDERED that Dowty's motion for summary judgment is denied and defendants' motion for summary judgment is granted.

Dated April 28, 2005.

> BY THE COURT:
>
> /s/ **Karen E. Schreier**
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE